IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-08-177 |
| | § | |
| BERNARDO PENA | § | |

## **MEMORANDUM AND ORDER**

Defendant Bernardo Pena has filed a Renewed Motion for Judgment of Acquittal ("Motion") [Doc. # 213] urging the same arguments presented in his Motion for Judgment of Acquittal during his jury trial. The United States has filed its Response in Opposition [Doc. # 214]. After considering the parties' arguments, the entire record of this case, the evidence presented at trial, and the applicable legal authorities, the Court **denies** Bernardo Pena's Motion.

## I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Bernardo Pena, together with several other Defendants, were charged by Indictment with conspiracy to commit visa fraud and to encourage and induce illegal immigration, with substantive counts of encouraging and inducing illegal immigration for the purpose of private financial gain in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), and with engaging in money laundering. The United States alleges that Bernardo

Pena and others fraudulently obtained H2B visas for Indian aliens for private gain. Bernardo Pena was found guilty of all charges against him in the Indictment.

Bernardo Pena has now renewed his Motion for Judgment of Acquittal, which he made during trial and which the Court previously denied. Specifically, Bernardo Pena argues that, with one exception, did not personally communicate with the Indians, prepare or sign any of the H2B visa documents, or know that the entry of the Indian nationals into the United States violated the law.

## II.  MOTION FOR JUDGMENT OF ACQUITTAL

### A.  Legal Standards

"A motion for judgment of acquittal challenges the sufficiency of the evidence to convict." *United States v. Lucio*, 428 F.3d 519, 522 (5th Cir. 2005) (quoting *United States v. Medina*, 161 F.3d 867, 872 (5th Cir. 1998)).  A jury's verdict should be upheld if any rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt. *United States v. Charles*, ___ F.3d ___, 2006 WL 3114481 *3 (5th Cir. Nov. 3, 2006) (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)); *United States v. Ragsdale*, 426 F.3d 765, 770-71 (5th Cir. 2005) (quoting *United States v. Floyd*, 343 F.3d 363, 370 (5th Cir. 2003)). In conducting this inquiry, the Court examines the evidence as a whole and construes it in the light most favorable to the jury's verdict, drawing all reasonable inferences

to support the verdict.  *Id.* (citing *Floyd*, 343 F.3d at 370); *United States v. Delgado*, 256 F.3d 264, 273-74 (5th Cir. 2001); *United States v. Reveles*, 190 F.3d 678, 686 (5th Cir. 1999).

"The standard does not require that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt."  *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001) (citation omitted); *Reveles*, 190 F.3d at 686; *United States v. Lopez,* 74 F.3d 575, 577 (5th Cir. 1996).  "If the evidence, however, gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, [the Court] must reverse the conviction, as under these circumstances 'a reasonable jury *must necessarily entertain* a reasonable doubt.'" *Lopez,* 74 F.3d at 577 (citations omitted; emphasis in original).

"[A court's Rule 29] review of the sufficiency of the evidence does not include a review of the weight of the evidence or of the credibility of the witnesses." *Ragsdale*, 426 F.3d at 771 (quoting *Floyd*, 343 F.3d at 370) (internal quotation marks omitted).  "A jury is free to choose among reasonable constructions of the evidence.  And it retains the sole authority to weigh any conflicting evidence and to evaluate the

credibility of the witnesses." *Loe*, 262 F.3d at 432 (citation and internal quotation marks omitted).

### B.    Analysis

Bernardo Pena challenges the legal sufficiency of the evidence against him because there was no evidence that he had direct communication with the Indian nationals or that he prepared the relevant legal documents. Neither direct communication with the Indian nationals nor having personally completed or signed any of the relevant forms is an element of the charges relating to encouraging and inducing illegal immigration. The United States was required to prove beyond a reasonable doubt only the following elements: (1) that the defendant encouraged or induced an alien to come to, enter, or reside in the United States in violation of law; (2) that the defendant did so knowingly or in reckless disregard of the fact that the alien's coming to, entry into, or residence in the United States was unlawful; and (3) that the offense was done for the purpose of commercial advantage or private financial gain. *See, e.g., United States v. Khanani*, 502 F.3d 1281, 1286-87 (11th Cir. 2007); 8 U.S.C. § 1324(a)(1)(A)(iv). Additionally, a "party to a conspiracy may be held responsible for a substantive offense committed by a coconspirator in furtherance of a conspiracy, even if that party does not participate in or have any knowledge of the substantive offense." *United States v. Jensen,* 41 F.3d 946, 955-56 (5th Cir. 1994)

(citing *Pinkerton v. United States*, 328 U.S. 640 (1946)); *United States v. Zavala*, 286 F. App'x. 170, 175 (5th Cir. 2008).

In this case, the United States presented sufficient evidence to establish beyond a reasonable doubt that Bernardo Pena joined in the conspiracy with his Co-Defendants to encourage and induce Indian nationals to be illegally in the United States. Bernardo Pena was a director and incorporator for AMEB, the company working to obtain the H2B visas for the Indian nationals. He traveled to India multiple times and spent weeks assisting in obtaining the H2B visas. In this connection, Bernardo Pena worked closely with Naimesh Patel, the brother of co-Defendant Rakesh Patel. The United States presented evidence that Naimesh Patel was actively involved with Rakesh Patel to recruit Indian nationals for the H2B visa program, and that Bernardo Pena knew about the Patels' efforts. This evidence was coupled with the testimony of co-Defendant Keith Viscardi that Bernardo Pena questioned him about how much he (Viscardi, the putative employer) was making "on the Indian visas." The evidence established that in the ordinary course, employers paid fees for workers, <u>not</u> received money when the immigrants entered the United States. Viscardi also testified that he understood from Co-Defendant and co-conspirator Marte Villar that Bernardo Pena knew the Indian nationals were paying large sums of money for their H2B visas. The United States also presented the

testimony of Alfonzo Hernandez that he overheard Bernardo Pena discussing with Co-Defendants that each Indian national was paying a fee of $20,000.00 for his visa, even though that visa officially would allow him to be in the United States for only a few months during which he would be earning $7.00 per hour, a rate that would not enable the immigrant to earn anywhere near the total fee. Finally, the Government introduced incriminating evidence of an email sent by Bernardo Pena to Co-Defendant Mack Patel discussing a side arrangement that would allow the immigrants to pay only $15,000.00 per visa, instead of $20,000.00.

The United States presented evidence that Bernardo Pena joined in the conspiracy charged in Count One and further presented evidence that, pursuant to the holding in *Pinkerton* regarding conspirator guilt for the actions of co-conspirators, supported the jury's verdict on the substantive counts of encouraging and inducing illegal immigration.

Bernardo Pena's only argument in connection with the money laundering count is that he "cannot be guilty of the money laundering count if he is not guilty of the conspiracy or substantive counts." *See* Motion, p. 2. Because the United States presented sufficient evidence to support the jury's verdict on the conspiracy and substantive counts regarding encouraging and inducing illegal immigration, Bernardo Pena's challenge to the money laundering count fails. The Court notes, however, that

the United States presented sufficient evidence to support the jury's verdict on the money laundering count.

### III. CONCLUSION AND ORDER

The Government presented evidence at trial that, when accepted by the jury as true, fully supports the verdict in this case. As a result, Bernardo Pena is not entitled to a judgment of acquittal, and it is hereby

**ORDERED** that Bernardo Pena's Renewed Motion for Judgment of Acquittal [Doc. # 213] is **DENIED**.

SIGNED at Houston, Texas, this 7th day of **May, 2009**.

_____
Nancy F. Atlas
United States District Judge